UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY DOCKHAM RISSI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC., a Delaware Corporation; NextGen Global Resources, LLC, a Delaware limited liability company; KINETICOM, INC., a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 24-cv-00267-AJB-KSC<br><br>**ORDER GRANTING DEFENDANT NEXTGEN GLOBAL RESOURCES, LLC'S MOTION TO COMPEL ARBITRATION**<br><br>**(Doc. No. 16)** |

Before the Court is Defendant NextGen Global Resources, LLC's ("NextGen" or "Defendant") motion to compel arbitration and to stay action pending arbitration in Plaintiff Emily Dockham Rissi's ("Plaintiff") civil action for alleged employment violations. (Doc. No. 16.) The motion is fully briefed. (Doc. Nos. 16, 19, 21.) Pursuant to

1

Local Civil Rule 7.1.d.1, the Court finds the matter suitable for disposition without oral argument. For the reasons set forth below, the Court **GRANTS** Defendant's motion.

## I. BACKGROUND

This case concerns Plaintiff's allegations of wrongful termination at her employment. (*See* Doc. No. 1-2, "Compl." at 10–27.) Plaintiff's Complaint alleges nine causes of action against Defendants T-Mobile USA, Inc. ("T-Mobile"), NextGen, Kineticom Inc. ("Kineticom")[1], and Does 1 through 20 (collectively, "Defendants"). Plaintiff brings five claims specifically against NextGen: (1) unjust enrichment, (2) failure to pay earned wages in violation of Cal. Labor Code § 204, (3) waiting time penalties pursuant to Cal. Labor Code § 203, (4) intentional misrepresentation, and (5) unfair business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*. (*Id.* ¶¶ 76–89, 98–128, 139–45.)

In May 2021, Plaintiff accepted a full-time position with T-Mobile in San Diego. (*Id.* ¶¶ 21, 27.) As T-Mobile transitioned back to in-person work following the COVID-19 pandemic, Plaintiff obtained special dispensation from T-Mobile to work remotely. (*Id.* ¶ 27.) In May 2022, Plaintiff relocated from San Diego to Portland, Oregon for her partner's career. (*Id.* ¶ 29.) To allow Plaintiff to continue remotely working for T-Mobile with the same San Diego team, T-Mobile negotiated Plaintiff's employment with a third-party company, NextGen, where Plaintiff would be a contract employee performing work for T-Mobile while employed and paid by NextGen. (*Id.* ¶ 35.)

On July 14, 2022, Plaintiff signed NextGen's Employment Agreement, which contains the Arbitration Provision at issue here. (*Id.* ¶ 40; Doc. No. 16-1 ¶¶ 6, 20; Doc. No. 16-1 Ex. A § 6, "Arbitration Provision.") Under the Arbitration Provision, Plaintiff and NextGen agreed: "in the event of any dispute or claim relating to or arising out of our employment relationship . . . all such disputes/claims (including, without limitation, any

---

[1] Plaintiff and Kineticom have reached a settlement agreement, and Kineticom has been dismissed from this suit. (Doc. No. 19 at 6.)

claims for wrongful termination . . . wage and hour, or employee benefits) shall be fully and finally resolved by confidential, binding arbitration conducted in Chicago, IL, or such other location as we may agree, by a single, neutral arbitrator agreed upon by [Plaintiff] and [NextGen]." (Doc. No. 16-1 § 6(a).) Plaintiff and NextGen also agreed that any arbitration be conducted in accordance with the American Arbitration Association ("AAA") rules and procedures. (*Id.*) Further, Plaintiff and NextGen "each waive[d] [their] respective rights to have any such disputes/claims tried by a judge or a jury" and agreed that the chosen arbitrator would be "empowered to award all remedies otherwise available in a court of competent jurisdiction." (*Id.*) The Arbitration Provision further stipulated that NextGen "will bear the costs of the arbitration, including the AAA administrative fees and the arbitrator's fees" but that "[e]ach party shall bear its own respective attorneys' fees and costs . . . except to the extent otherwise provided by law and awarded by the arbitrator." (*Id.* § 6(b).) Finally, Plaintiff and NextGen agreed not to bring claims against the other "in any purported class action or other representative proceeding" and that the Arbitration Provision "shall remain in effect at all times during and after [Plaintiff's] employment . . . ." (*Id.* § 6(c).)

Plaintiff filed her Complaint against Defendants in San Diego County Superior Court on December 29, 2023. (*See* Compl.) T-Mobile removed the case to this Court on February 9, 2024. (Doc. No. 1.) NextGen now moves to compel arbitration and to stay the action pending arbitration. (Doc. No. 16.)

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") applies to contracts "evidencing a transaction involving commerce." 9 U.S.C. § 2; *Brennan v. Opus Bank*, 796 F.3d 1125, 1129 (9th Cir. 2015). The Supreme Court has enunciated a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339, 344 (2011) ("The overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings."). The FAA "leaves no place for the exercise of discretion by the district court, but instead mandates that district courts *shall*

direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

Accordingly, under the FAA, the court must, as a general matter, determine "two 'gateway' issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Brennan*, 796 F.3d at 1130. If the two factors are met, the court must enforce the arbitration agreement in accordance with its precise terms. *Kilgore v. KeyBank, Nat. Ass'n*, 673 F.3d 947, 955 (9th Cir. 2012), *on reh'g en banc,* 718 F.3d 1052 (9th Cir. 2013). These gateway issues, however, "can be expressly delegated to the arbitrator where 'the parties *clearly and unmistakably* provide otherwise.'" *Brennan*, 796 F.3d at 1130 (emphasis added) (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)).

The party seeking to compel arbitration "has the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence." *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). In determining whether a valid agreement exists, district courts apply applicable state law principles of contract formation. *See Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 630–31 (2009). "Thus, generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening" federal law. *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). "[T]he party opposing arbitration bears the burden of proving any defense, such as unconscionability." *Pinnacle Museum Tower Assn. v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 236 (2012). "Any doubts about the scope of arbitrable issues, including applicable contract defenses, are to be resolved in favor of arbitration." *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1022 (9th Cir. 2016).

### III.  REQUEST FOR JUDICIAL NOTICE

In conjunction with NextGen's motion to compel arbitration, NextGen requests judicial notice of the AAA Employment Arbitration Rules & Mediation Procedures. (Doc. No. 16-3 at 1–2.) Federal Rule of Evidence 201 states a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial

1  court's territorial jurisdiction; or (2) can be accurately and readily determined from sources
2  whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

3  Here, judicial notice of the AAA Employment Arbitration Rules & Mediation
4  Procedures is proper because the contents of the rules are not reasonably subject to dispute
5  and can be accurately and readily determined from sources whose accuracy cannot
6  reasonably be questioned. *See Fischer v. Kelly Servs. Glob., LLC*, No. 23-CV-1197 JLS
7  (JLB), 2024 WL 382181, at *7 (S.D. Cal. Jan. 31, 2024); *Kag W., LLC v. Malone*, No. 15-
8  CV-03827-TEH, 2015 WL 6693690, at *3 n.2 (N.D. Cal. Nov. 3, 2015). Accordingly, the
9  Court **GRANTS** NextGen's request for judicial notice.

10 **IV.   DISCUSSION**

11 Plaintiff does not dispute that she received and signed the NextGen Employment
12 Agreement containing the Arbitration Provision and her claims fall within the scope of the
13 Arbitration Provision. (Doc. No. 19-2 ¶¶ 15–16; Doc. No. 21 at 2.) Rather, Plaintiff argues
14 that the Arbitration Provision is procedurally and substantively unconscionable, and
15 therefore unenforceable. (Doc. No. 19 at 12–23.) The Court first considers the arbitrability
16 of the Arbitration Provision.

17    **A.    Arbitrability**

18 "Under California law, it is presumed the judge will decide arbitrability, unless there
19 is clear and unmistakable evidence the parties intended the arbitrator to decide
20 arbitrability." *Dennison v. Rosland Cap. LLC*, 47 Cal. App. 5th 204, 209 (2020). Here, both
21 NextGen and Plaintiff agree that this Court must decide the validity and enforceability of
22 the Arbitration Provision. (Doc. No. 19 at 11; Doc. No. 21 at 3.) Indeed, the Arbitration
23 Provision provides, "the authority to determine the enforceability of this Section remains
24 solely with the trial court of competent jurisdiction in the state where the arbitration
25 proceeding is pending." (Doc. No. 16-1 § 6(a).) The language stipulating that the "authority
26 to determine . . . enforceability . . . remains solely with the trial court" demonstrates the
27 parties' intent for this Court to determine the enforceability of the Arbitration Provision.
28 Because the Arbitration Provision lacks "clear and unmistakable evidence" of the parties'

intent for an arbitrator to decide arbitrability, this Court will proceed with an arbitrability analysis.

### B.     Enforceability of the Arbitration Agreement

Plaintiff argues that Arbitration Provision is unenforceable because it is unconscionable. (Doc. No. 19 at 12.) Defendant responds that the Arbitration Provision is procedurally and substantively fair, but if any portion is found to be unconscionable, the Court may sever the unconscionable portion and enforce the remainder of the Arbitration Provision. (Doc. No. 21 at 6–7.)

Arbitration agreements may be invalidated by "generally applicable contract defenses, such as fraud, duress, or unconscionability." *Concepcion*, 563 U.S. at 339. For a court to exercise its discretion not to enforce a contract clause under the doctrine of unconscionability, "[p]rocedural and substantive unconscionability must both be present" but "they need not be present in the same degree." *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000). Instead, they are evaluated on "a sliding scale." *Id.* The party opposing arbitration bears the burden of proving unconscionability. *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 999 (9th Cir. 2021).

#### 1.     Procedural Unconscionability

Procedural unconscionability measures the degree of "oppression" or "surprise" during contract formation. *See Flores v. Transamerica HomeFirst, Inc.*, 93 Cal. App. 4th 846, 853 (2001). "Oppression arises from an inequality of bargaining power that results in no real negotiation and an absence of meaningful choice. Surprise involves the extent to which the supposedly agreed-upon terms are hidden in a prolix printed form drafted by the party seeking to enforce them." *Id.* Plaintiff does not raise a "surprise" challenge, but she asserts that the Arbitration Provision is procedurally unconscionable because it is contained within a contract of adhesion and was presented on a "take-it-or-leave-it" basis. (Doc. No. 19 at 14.) Plaintiff further asserts that she had no opportunity to negotiate the terms and she was not required to sign, initial, or acknowledge the specific Arbitration Provision, further illustrating some degree of procedural unconscionability. (*Id.*) Defendant does not

dispute that the Arbitration Provision was presented in a contract of adhesion. (Doc. No. 21 at 3–4.) Rather, NextGen argues that an adhesion contract is still enforceable unless the provision falls outside the reasonable expectations of the weaker party, or the provision is unduly oppressive or unconscionable, neither of which apply here. (*Id.* (citing *Bigler v. Harker Sch.*, 213 Cal. App. 4th 727, 736–37 (2013).

Because NextGen, the party of superior bargaining strength, offered its Employment Agreement containing the Arbitration Provision on a "take it or leave it" basis, the Arbitration Provision was adhesive. *See Capili v. Finish Line, Inc.*, 699 F. App'x 620, 622 (9th Cir. 2017); *see also Ronderos v. USF Reddaway, Inc.*, 114 F.4th 1080, 1089 (9th Cir. 2024) ("A contract of adhesion is a standardized contract [that is] imposed and drafted by the party of superior bargaining strength and gives the subscribing party only the opportunity to adhere to the contract or reject it.") (internal quotation marks and citation omitted). Given the adhesive nature of the Arbitration Provision, and because Plaintiff did not have an opportunity to negotiate the terms or opt out of the Arbitration Provision, the Court finds some degree of procedural unconscionability. *See Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 915 (2015) ("[T]he adhesive nature of" an arbitration agreement "is sufficient to establish some degree of procedural unconscionability."); *Capili*, 699 F. App'x at 622 ("Adhesive contracts are at least minimally procedurally unconscionable under California law.") By contrast, Plaintiff has not established any element of surprise. While the Arbitration Provision appears at Section 6, at the bottom of page four of the single-spaced Employment Agreement, the Arbitration Provision appears in bold and capitalized font under its own separate heading, mitigating any surprise that the Arbitration Provision exists. (*See* Doc. No. 16-1 § 6.)

Because Plaintiff has demonstrated a low degree of procedural unconscionability based on the Arbitration Provision's adhesive nature, Plaintiff must demonstrate a significant degree of substantive unconscionability to successfully challenge the Arbitration Provision's enforceability.

/ / /

## 2. Substantive Unconscionability

"Substantive unconscionability examines the fairness of a contract's terms." *Lim*, 8 F.4th at 1001 (quoting *OTO, L.L.C. v. Kho*, 8 Cal. 5th 111, 129 (2019)). "[T]he standard for substantive unconscionability—the requisite degree of unfairness beyond merely a bad bargain—must be as rigorous and demanding for arbitration clauses as for any contract clause." *Sanchez*, 61 Cal. 4th at 912. "The substantive element looks to the actual terms of the parties' agreement to ensure that contracts, particularly contracts of adhesion, do not impose terms that have been variously described as overly harsh, unduly oppressive, so one-sided as to shock the conscience or unfairly one-sided." *Magno v. The Coll. Network, Inc.*, 1 Cal. App. 5th 277, 287–88 (2016) (internal quotation marks omitted).

"[T]he paramount consideration in assessing conscionability is mutuality." *Abramson v. Juniper Networks, Inc.*, 115 Cal. App. 4th 638, 657 (2004). "Agreements to arbitrate must contain at least 'a modicum of bilaterality' to avoid unconscionability." *Id.* (quoting *Armendariz*, 24 Cal. 4th at 119). "[A]n arbitration agreement imposed in an adhesive context lacks basic fairness and mutuality if it requires one contracting party, but not the other, to arbitrate all claims arising out of the same transaction or occurrence or series of transactions or occurrences." *Armendariz*, 24 Cal. 4th at 120. "Courts have found one-sided employer-imposed arbitration provisions unconscionable where they provide that employee claims will be arbitrated, but the employer retains the right to file a lawsuit in court for claims it initiates, or where only the types of claims likely to be brought by employees (wrongful termination, discrimination etc.) are made subject to arbitration." *Serafin v. Balco Props. Ltd.*, 235 Cal. App. 4th 165, 181 (2015) (citing cases).

Plaintiff asserts the Arbitration Provision is substantively unconscionable because the forum selection clause and fee-shifting provision lack mutuality. (Doc. No. 19 at 15–20.) Plaintiff additionally argues that Arbitration Provision's class action waiver and California Private Attorney General Act ("PAGA") waiver are unconscionable. (*Id.* at 20–21.)

/ / /

### a. Forum Selection Clause

The Arbitration Provision's forum selection clause stipulates that "all such disputes/claims . . . shall be fully and finally resolved by confidential binding arbitration conducted in Chicago, IL, or such other location as [the parties] may agree . . . [.]" (Doc. No. 16-1 § 6(a).) Plaintiff argues that the forum selection clause is substantively unconscionable because pursuing her claims in Chicago, Illinois would be cost-prohibitive, (Doc. No. 19-2 ¶¶ 25, 26), and the permissive language stating that NextGen "may agree" to arbitrate in a different forum still has the chilling effect of dissuading employees from pursuing their claims where no certainty exists that NextGen would agree to a more convenient location, (Doc. No. 19 at 16–17). In response, NextGen asserts that it previously communicated to Plaintiff that it would consider an alternative location to arbitrate other than Chicago, Illinois, and that there is no substantive unconscionability where the Arbitration Provision permits the parties to agree to a convenient arbitration location. (Doc. No. 21 at 5–6.)

To demonstrate substantive unconscionability of a forum selection clause, "[p]arties opposing a forum selection clause must . . . show that the forum is 'unavailable or unable to accomplish substantial justice'. . . [.]" *Capili*, 699 F. App'x at 622 (quoting *Tompkins*, 840 F.3d at 1029). "Inconvenience and additional expense are not sufficient, unless proceeding in the selected forum will be 'so gravely difficult and inconvenient that [the plaintiffs] will for all practical purposes be deprived of [their] day in court.'" *Id.* In assessing the place and manner provisions in an arbitration clause, the court "must take into account the respective circumstances of the parties." *Lim*, 8 F.4th at 1002 (internal quotation marks and citation omitted).

To assess the validity of the Arbitration Provision's forum selection clause, *Capili v. Finish Line, Inc.*, 699 F. App'x 620 (9th Cir. 2017) is instructive. In *Capili*, the Ninth Circuit found that a forum selection clause that required arbitration occur in Indianapolis, Indiana, where the plaintiff employee worked thousands of miles away in Daly City, California, was not substantively unconscionable where the employer agreed to hold the

arbitration in San Francisco, California. 699 F. App'x at 622–23. The Ninth Circuit explained, "[g]iven the selected forum was not shown to be unavailable or unable to accomplish substantial justice, the forum selection provision was not substantively unconscionable." *Id*. By contrast, in *Lim v. TForce Logistics, LLC*, 8 F.4th 992 (9th Cir. 2021), the Ninth Circuit found a forum selection clause unconscionable where it *required* the plaintiff employee, who resided in Southern California, to arbitrate in Dallas, Texas, and the plaintiff could not afford to travel to Dallas, Texas and leave his daughter and work for a significant period. *See Lim,* 8 F.4th at 1003 (emphasis added).

Here, NextGen's forum selection clause is less onerous than the forum selection clauses in *Capili* and *Lim* because it permits the parties to agree to an alternative arbitration location other than Chicago, Illinois. As expressly permitted by the Arbitration Provision, the parties do not dispute that NextGen agreed to consider an alternative location other than Chicago, Illinois to arbitrate. (Doc. No. 19-1 ¶ 9.) Although no specific location has been agreed upon, Plaintiff has not shown that her preferred forum to arbitrate is "unavailable or unable to accomplish substantial justice," *Tompkins*, 840 F.3d at 1029. Accordingly, she has not proven that the forum selection clause is substantively unconscionable. *See Capili*, 699 F. App'x at 622–23.

### b. Attorneys' Fees

Next, Plaintiff takes issue with the Arbitration Provision's fee clause regarding attorneys' fees, which states:

> Each party shall bear its own respective attorneys' fees and costs of the arbitration, except to the extent otherwise provided by law and awarded by the arbitrator.

(Doc. No. 16-1 § 6(b).) Plaintiff argues that the fee clause precludes Plaintiff from asserting her rights to recover attorneys' fees and costs upon prevailing, to which Plaintiff would be entitled under the California Labor Code. (Doc. No. 19 at 18 (citing *Lim*, 8 F.4th at 1002–04 ("We have similarly held, applying California law, that substantive unconscionability exists when a fee-shifting clause creates for employees a 'greater financial risk in

arbitrating claims than they would face if they were to litigate those same claims in federal court.'") (quoting *Tompkins,* 840 F.3d at 1026))). NextGen responds that the fee clause permits an award of attorneys' fees as "provided by law and awarded by the arbitrator," and concedes that to the extent Plaintiff prevails on certain claims where California law allows for recovery of attorneys' fees, the Arbitration Provision "expressly permits the awarding of such fees." (Doc. No. 21 at 6.)

Here, both parties agree that California law applies. (Doc. No. 16 at 15–16; Doc. No. 19 at 18.) In California, "courts have repeatedly held that statutory attorneys' fees may not be limited by arbitration agreements." *Alvitre v. Colonial Life & Accident Ins. Co.*, No. CV 22-6289-DMG (SKX), 2023 WL 3549743, at *4 (C.D. Cal. Mar. 2, 2023). Because California law dictates that statutory attorneys' fees may not be limited by an arbitration agreement, the next question is whether the savings clause "saves" the attorneys' fee provision from Plaintiff's unconscionability argument.

The Ninth Circuit has found no substantive unconscionability of fee-sharing provisions where it is clear which state law would apply, the fee-sharing provision would not be enforced against plaintiff, and where the plaintiff "fails to address or counter" the argument that the savings clause makes the fee-sharing provision valid. *Compare Jackson v. Rent-A-Ctr. W., Inc.*, 581 F.3d 912, 919 (9th Cir. 2009) (finding no substantive unconscionability where "the agreement itself effectively states that the fee-sharing provision is inapplicable if it unconscionable under [applicable state] law[,]" which plaintiff did not dispute), *rev'd on other grounds*, 561 U.S. 63 (2010), *with Ronderos v. USF Reddaway, Inc.*, 114 F.4th 1080, 1093 (9th Cir. 2024) (finding cost-splitting provision "substantively opaque" where agreement was ambiguous about which state's law would control the enforceability of the cost-splitting provision's default rule and cost-splitting default rule could be enforced against plaintiff). Here, as Defendant NextGen concedes, because California law applies, the savings clause enables Plaintiff to recover attorneys' fees if she prevails on any California claims that permit recovery of attorneys' fees. Additionally, unlike the unconscionable fee-shifting provision at issue in *Lim*, which

impermissibly allowed an employer to recover attorneys' fees from an employee in contravention of California law, *Lim*, 8 F.4th at 1003, here, Plaintiff is not exposed to paying NextGen's attorneys' fees. Accordingly, as was the case in *Rent-A-Center*, the attorneys' fee provision is not substantively unconscionable because the savings clause enables Plaintiff to recover attorneys' fees to the extent she prevails on any California claims permitting the recovering of attorneys' fees. *See Rent-A-Ctr. W., Inc.*, 581 F.3d at 919.

### c. "Individual Arbitration Only" Provision

Plaintiff's final unconscionability argument is that the Arbitration Provision's "Individual Arbitration Only" section, which waives her right to bring a class action or claim under the California Private Attorney General Act ("PAGA-claim") is substantively unconscionable. (Doc. No. 19 at 20–21.) This argument fails for two reasons.

First, "the Ninth Circuit has held that while a PAGA-claim waiver in an agreement is unenforceable, such a waiver does not render an arbitration provision in the agreement substantively unconscionable." *Peterson v. Lyft, Inc.*, No. 16-CV-07343-LB, 2018 WL 6047085, at *5 (N.D. Cal. Nov. 19, 2018) (citing *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1264 (9th Cir. 2017)); *see also Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 662 (2022) ("[Employer] was entitled to enforce the [arbitration] agreement insofar as it mandated arbitration of [employee's] individual PAGA claim."); *see also Ligman v. Med For America, Inc.,* No. CVPS2204511, 2023 WL 6889057, at *4 (Cal.Super. July 18, 2023) (compelling arbitration of individual claims and staying non-individual PAGA claims until after arbitration). Further, the Ninth Circuit has found that the Supreme Court's decision, "*Concepcion*[,] weighs sharply against holding that the waiver of other representative, collective or class action claims . . . is unconscionable." *Poublon*, 846 F.3d at 1264 (referencing *Concepcion*, 563 U.S. at 339, 344).

Second, Plaintiff has not brought a class action or pleaded a PAGA claim "and thus lacks standing to challenge a PAGA waiver provision that is not being applied to [her]." *Peterson*, 2018 WL 6047085, at *5; *see also Limon v. ABM Indus. Groups, LLC*, No. 3:18-

CV-00701, 2018 WL 3629369, at *6 (S.D. Cal. July 31, 2018) ("The Court need not address Plaintiff's argument that the Arbitration Agreement is substantively unconscionable due to the Agreement containing a PAGA waiver because Plaintiff does not allege a PAGA claim.") Plaintiff similarly lacks standing to challenge the class action waiver because she is not pursuing any claims on behalf of a class. Accordingly, the Court finds that the Arbitration Provision does not permeate unconscionability or that any provision must be severed for the Arbitration Provision to be enforced.

### C. Waiver to Arbitrate

Irrespective of the enforceability of the Arbitration Provision, Plaintiff asserts that NextGen waived compelling arbitration by waiting nearly five months after the filing of the Complaint to file the instant motion. (Doc. No. 19 at 23.) NextGen responds that waiver is an issue for the arbitrator to decide, but regardless, its motion to compel arbitration is timely because NextGen was "meeting and conferring with Plaintiff for five months in an effort to avoid having to file" its motion to compel, and NextGen has acted consistently with its right to arbitrate. (Doc. No. 21 at 9–10.)

As an initial matter, Defendant NextGen does not cite to any portion of the Arbitration Provision or Federal Arbitration Act stipulating that an arbitrator must decide the issue of waiver, (Doc. No. 21), so the Court will proceed to address the merits of Plaintiff's waiver argument. *See Ensambles Hyson, S.A. de C.V. v. Sanchez*, 718 F. Supp. 3d 1258, 1270 (S.D. Cal. 2024) ("As Petitioners fail to identify any provision in the Agreement, AAA Rules, or JAMS Rules that delegates waiver questions, the Court will proceed to address the merits of Respondent's contention.") Because the Arbitration Provision stipulates that the parties must resolve any employment related disputes "pursuant to the Federal Arbitration Act," (Doc. No. 16-1 § 6(a)), federal law applies. *See Davis v. Shiekh Shoes, LLC*, 84 Cal. App. 5th 956, 963 (2022) ("Courts have recognized that where the FAA applies, whether a party has waived a right to arbitrate is a matter of federal, not state, law.") The California Supreme Court has recently summarized Supreme Court precedent that "under federal law, a court must apply the same rules that apply to

any other contract when determining whether a party to an arbitration agreement has lost the right to enforce the agreement." *Quach v. California Com. Club, Inc.*, 16 Cal. 5th 562, 569 (2024) (referencing *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022)). Accordingly, this Court will determine whether Defendant NextGen has waived its right to enforce the Arbitration Provision "as it would any other contract, without applying any special rules based on a policy favoring arbitration." *Id.* at 583; *see also Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 468 (9th Cir. 2023).

"[T]he test for waiver of the right to compel arbitration consists of two elements: (1) knowledge of an existing right to compel arbitration; and (2) intentional acts inconsistent with that existing right." *Id.* "[T]he party opposing arbitration . . . bears the burden of showing waiver," but that burden is not especially "heavy" where Plaintiff is no longer required to demonstrate prejudice. *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1014 (9th Cir. 2023). Here, the parties do not appear to dispute the first element—that Defendant NextGen was aware of its arbitration agreement with Plaintiff. In fact, NextGen represents that on February 9, 2024, NextGen's counsel emailed Plaintiff's counsel, requesting that Plaintiff stipulate to arbitration pursuant to the Arbitration Provision. (Doc. No. 16-2 at 2). Accordingly, the Court will focus on whether Plaintiff establishes the second element: whether NextGen acted inconsistently with its right to arbitrate. *See Ensambles Hyson, S.A. de C.V.*, 718 F. Supp. 3d at 1271; *see also Anderson v. Starbucks Corp.*, No. 20-CV-01178-JD, 2022 WL 797014, at *3 (N.D. Cal. Mar. 16, 2022).

"[T]here is no 'concrete test'" in evaluating the second element. *Armstrong*, 59 F.4th at 1015 (quoting *Hill*, 59 4th at 471). Rather, courts must "consider the totality of the parties' actions," *Hill*, 59 4th at 471, and "ask whether those actions holistically 'indicate a conscious decision . . . to seek judicial judgment on the merits of the arbitrable claims, which would be inconsistent with a right to arbitrate,'" *Armstrong,* 59 F.4th at 1015 (quoting *Hill,* 59 4th at 473 n.19). In the Ninth Circuit, "a party generally 'acts inconsistently with exercising the right to arbitrate when it (1) makes an intentional

decision not to move to compel arbitration and (2) actively litigates the merits of a case for a prolonged period of time in order to take advantage of being in court.'" *Id.* (quoting *Newirth ex rel. Newirth v. Aegis Senior Cmtys., LLC*, 931 F.3d 935, 940 (9th Cir. 2019)).

Neither factor is met here. First, Plaintiff argues, but does not offer any authority in support, that NextGen acted inconsistently with its right to arbitrate by failing to oppose removal and by moving the Court "to buy itself extra time." (Doc. No. 19 at 23.) The Court is unaware of why failing to oppose removal would indicate NextGen's decision not to move to compel arbitration.

Second, NextGen has not actively litigated the merits of the case. NextGen has neither filed an answer, nor asked the Court to weigh in on the merits of Plaintiff's claims. (Doc. No. 21-1 ¶ 6.) It has not propounded any discovery, except for its initial disclosures, nor has it served any discovery requests or participated in depositions. (*Id.* ¶ 5). NextGen also represents that it attended the Early Neutral Evaluation where it highlighted the Arbitration Provision, which is consistent with its right to compel arbitration. (*Id.* ¶ 7.) Collectively, the Court does not find that NextGen "actively litigate[d] the merits" of the case to support a finding a waiver. *Compare Martin v. Yasuda*, 829 F.3d 1118, 1126 (9th Cir. 2016) (party waived the right to arbitration when it filed a motion to dismiss "on a key merits issue," and received an adverse ruling before moving to compel arbitration a year after litigating in federal court), *with Armstrong,* 59 F.4th at 1016 (rejecting waiver where defendant "never s[ought] or obtain[ed] a ruling on the merits" and sought only "limited discovery requests").

Given this context, the Court does not find NextGen's five-month delay in filing a motion to compel arbitration after the filing of the Complaint sufficient to justify waiver, where the "length of delay is just one factor that gives color to the totality of Defendant's conduct . . . ." *Sywula v. Teleport Mobility, Inc.*, No. 21-CV-01450-BAS-SBC, 2023 WL 4630620, at *7 (S.D. Cal. July 18, 2023); *see also Ensambles Hyson, S.A. de C.V.*, 718 F. Supp. 3d at 1271 (no waiver after filing motion to compel arbitration ten months after service); *Ashirwad v. Charter Commc'ns, LLC,* No. 21-CV-02101-AJB-DDL, 2023 WL

3564938, at *3 (S.D. Cal. Mar. 20, 2023) (no waiver despite that defendants had "waited more than 8 months after the lawsuit was filed to compel arbitration, filed an Answer, removed th[e] case to federal court, served initial disclosures, participated in case management conferences, and agreed to amending the scheduling orders in th[e] case"); *Armstrong*, 59 F.4th at 1016 (no waiver where defendant had "mov[ed] to compel arbitration within a year after [the plaintiff had] filed the complaint"). In sum, Plaintiff has not demonstrated that NextGen waived its right to compel arbitration.

### D. Fairness

Finally, Plaintiff asserts that because the other remaining Defendant, T-Mobile, did not move to compel arbitration, "Plaintiff would be unfairly forced to simultaneously prosecute its claims in civil [c]ourt and arbitration, if [NextGen's] [m]otion [to compel arbitration] is granted." (Doc. No. 19 at 23). The case Plaintiff cites in support, *Nitsch v. DreamWorks Animation SKG Inc.*, 100 F. Supp. 3d 851, 869 (N.D. Cal. 2015), is inapposite. There, the Court rejected the argument that it would be "unfair" for an arbitrator to decide factual and legal questions as to one defendant's alleged participation in an anticompetitive conspiracy, while the court would resolve the same issues with respect to the remaining defendants who were not subject to the arbitration clause. *Nitsch,* 100 F. Supp. 3d at 869. As was the case in *Nitsch*, here, Plaintiff "confuse[s] efficiency for fairness." *Id*. Because the Court finds that NextGen and Plaintiff agreed to arbitrate, the scope of the Arbitration Provision encompasses Plaintiff's claims against NextGen, the Arbitration Provision is enforceable, and NextGen did not waive its right to arbitrate, the Court is required to enforce the terms of the Arbitration Provision.

### V. CONCLUSION

Accordingly, for the reasons stated herein, the Court **GRANTS** Defendant's motion to compel arbitration for all claims and prayers for relief against NextGen to be held at a location convenient for Plaintiff. (Doc. No. 16.) Pursuant to 9 U.S.C. § 3, the action between Plaintiff and NextGen is **STAYED** pending arbitration.

The Parties are ordered to confer, through counsel, and seek agreement within 30 days of this order on the place for the arbitration. If agreement cannot be reached in the next 30 days, then the arbitration will proceed in Chicago, Illinois as stated in the Employment Agreement.

Counsel are ordered to file a Joint Status Report with the Court every 90 days hereafter describing the status of the arbitration proceedings.

**IT IS SO ORDERED**.

Dated: January 15, 2025

Hon. Anthony J. Battaglia
United States District Judge